IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| GREGORY E. ANKERICH, : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | Civil Action No. |
| : | **3:06-CV-91 (CDL)** |
| MICHAEL J. ASTRUE, : | |
| Commissioner of Social Security, : | |
| : | |
| Defendant. : | |

**RECOMMENDATION**

The plaintiff herein filed an application for Supplemental Security Income benefits on November 14, 2001. The Social Security Administration denied the claim initially and on reconsideration, and plaintiff requested a hearing before an Administrative Law Judge. The ALJ first held a hearing on May 21, 2003. A supplemental hearing was held on April 19, 2005. The ALJ then entered an order denying plaintiff's claim on December 5, 2005. Plaintiff sought review of that decision before the Social Security Appeals Council ("Appeals Council") on February 1, 2006. On September 22, 2006, the Appeals Council affirmed the ALJ's decision, making it the final decision of the Commissioner. The plaintiff subsequently filed an appeal to this court. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

DISCUSSION

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the

Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not re-weigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioners'] conclusions of law are not presumed valid....The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

20 C.F.R. § 404.1520 (1985) provides for a sequential evaluation process to determine whether a claimant is entitled to Social Security disability benefits. The Secretary employs the following step-by-step analysis in evaluating a claimant's disability claims: (1) whether the claimant is engaged in gainful employment; (2) whether claimant suffers from a severe impairment which has lasted or can be expected to last for a continuous period of at least twelve months; (3) whether claimant suffers from any of the impairments set forth in the listings of impairments provided in Appendix 1; (4) whether the impairments prevent claimant from returning to his previous work; and (5) whether claimant is disabled in light of age, education, and residual functional capacity. Ambers v. Heckler, 736 F.2d 1467, 1470-71 (11th Cir.1984).

Should a person be determined disabled or not disabled at any stage of the above analysis, further inquiry pursuant to the analysis ceases. Accordingly, if a claimant's condition meets an impairment set forth in the listings, the claimant is adjudged disabled without considering age, education, and work experience. 20 C.F.R. § 404.1520(d).

The ALJ concluded that plaintiff had "severe" impairments of hepatitis C, back pain, depression, and restless leg syndrome, but retained the residual functional capacity to perform a reduced range of medium work and could perform his past relevant work as an assembler.

Plaintiff alleges the ALJ failed to properly consider the consultative psychological evaluations performed by Douglas S. Payne, Ph.D. and Stephen Hamby, Ph.D. Plaintiff acknowledges that the ALJ discussed the two consultative examinations at length; however, plaintiff contends that the ALJ improperly evaluated the reports, as both reports contained limitations that precluded the performance of any type of full-time work.

The ALJ noted that in May 2002, plaintiff underwent a consultative psychological examination with Dr. Payne with complaints of insomnia, fatigue, extreme agitations, severe depression, joint pain, and poor concentration (Tr. 19, 137). At that time, plaintiff reported he made his own bed, cut the grass, swept, vacuumed, and washed clothes (Tr. 19, 139). The ALJ noted Dr. Payne assessed plaintiff as appearing depressed and that his speech was rapid and excessive (Tr. 19, 139). The diagnosis included major depressive disorder, single episode, in partial remission (Tr. 19, 140). Dr. Payne stated that plaintiff was able to understand and carry out simple instructions (Tr. 19, 141). The ALJ also noted Dr. Payne found his ability to get along with supervisors, public, and co-workers and ability to follow work routines and complete production expectations was impaired (Tr. 19, 141).

The ALJ also discussed plaintiff's May 2005 consultative psychological evaluation with Dr. Hamby (Tr. 19, 289-97). Plaintiff complained of poor sleep, low energy, weight loss, and crying spells (Tr. 19, 292). Plaintiff reported that he was not currently receiving mental health treatment, that he did not have any medication to keep up with, that he took care of the bills and finances, and that he liked to read history books (Tr. 19, 290). Dr. Hamby noted plaintiff showed good attention and concentration and that his speech was lucid and relevant (Tr. 19, 291). The diagnosis was bipolar disorder, not otherwise specified (Tr. 19, 293). Dr. Hamby found plaintiff would be able to understand, remember, and carry out simple instructions although it would be somewhat of a struggle for him due to his poor motivation, energy limitations, and tendencies to sleep for long periods of time (Tr. 19, 294). He added that plaintiff would be at a mild to moderate risk for psychiatric decompensation under stressful work conditions (Tr. 19, 294).

Having considered the mental evidence of record, the ALJ concluded that plaintiff had the ability to understand, remember, and carry out simple instructions, notwithstanding his depression (Tr. 20, 21). The ALJ also found plaintiff had moderate restrictions of activities of daily living; moderate difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence, or pace; and no episodes of decompensation, finding more limitations than the state agency psychologist's findings of mild limitations in these functional areas (Tr. 20, 152).

Contrary to plaintiff's argument, the ALJ did discuss the findings at length in the decision, and he accorded the evaluations great weight. The issue appears to be the interpretation of whether the limitations discussed above preclude any full-time work. The ALJ found that they did not preclude plaintiff from performing his past relevant work as an assembler. Plaintiff has

4

not pointed to any area in the record or in law that shows that the conclusion reached by the ALJ was not based upon substantial evidence. The undersigned may not reweigh the evidence. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239.

    Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence, it is the RECOMMENDATION of the undersigned that the Commissioner's decision be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Clay D. Land, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 12th day of June, 2008.

                                                     //S Richard L. Hodge
                                                     RICHARD L. HODGE
msd                                              UNITED STATES MAGISTRATE JUDGE